IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CURTIS EARL SCARVER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:13cv825-TMH |
| ) | (WO) |
| GARY HETZEL, *et al.*, ) | |
| ) | |
| Respondents. ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

### INTRODUCTION

This case is now before the court on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Curtis Earl Scarver ("Scarver"), a state inmate, on October 30, 2013.[1] On January 26, 2009, Scarver entered a guilty plea to charges of trafficking in cocaine, possession of drug paraphernalia, and failure to affix a tax stamp in the Circuit Court of Montgomery County, Alabama. On March 12, 2009, the trial court sentenced Scarver as a habitual felony offender to life imprisonment without parole. The Alabama Court of Criminal Appeals affirmed his conviction on September 25, 2009. *See Scarver v. State*, 57 So.3d 209 (Ala. Cr. App. 2009) (Table). Scarver's application for rehearing was

---

[1] The law is well settled that, under the "mailbox rule," a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). The documents filed by Scarver indicate that he signed the documents on October 30, 2013. The notary signed his petition on November 4, 2013. Consequently, the court concludes that he submitted the petition and accompanying documents for mailing on or around October 30, 2013. (Doc. # 1 & 2). In light of the foregoing and for purposes of the proceeding herein, the court deems October 30, 2013, as the date of filing.

denied on October 9, 2009. *Scarver v. State*, 64 So.3d 1155 (Ala. Cr. App. 2009) (Table). Scarver did not fully pursue his direct appeal and failed to seek relief from the Alabama Supreme Court. Because Scarver did not file a petition for writ of certiorari to the Alabama Supreme Court, his conviction became final by operation of law when the Alabama Court of Criminal Appeals issued the certificate of judgment on October 28, 2009.

In this petition, Scarver alleges that his constitutional rights were violated because his guilty plea was involuntary and his trial and appellate counsel rendered constitutionally ineffective assistance of counsel. Finally, Scarver contends that he was convicted under a constitutionally infirm statute.

Pursuant to the orders of this court, the respondents filed an answer (doc. # 6) in which they argue that Scarver's petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[2] The respondents contend that because Scarver's felony murder conviction became final in October of 2009 – after the effective date of the federal statute of limitations – Scarver must have filed his § 2254 petition within one year of this conviction becoming final, exclusive of the time that **any properly** filed state post-conviction petition related to the conviction remained pending in state court. The respondents acknowledge that Scarver filed a state post-conviction petition challenging his murder conviction on December 2, 2010. However, they argue that this Rule 32 petition failed to toll the one-year period of limitation because it was not filed within the

---

[2] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). This Act became effective on April 24, 1996.

limitation period required by state law, and therefore, was not "properly filed" for the purpose of tolling the federal limitation period. *See* 28 U.S.C. § 2244(d)(2). *See also Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("For purposes of determining what are 'filing' conditions, there is an obvious distinction between time limits, which go to the very initiation of a petition and a court's ability to consider that petition, and the type of 'rule of decision' procedural bars at issue in *Artuz* [*v. Bennett*, 531 U.S. 4 (2000)], which go to the ability to obtain relief. . . . [I]t must be the case that a petition that cannot even be initiated or considered due to the failure to include a timely claim is not 'properly filed.' . . . For these reasons, we hold that time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's [state post-conviction] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling [of the limitation period] under § 2244(d)(2)."); *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1317 (11th Cir. 2006) (untimely collateral motion deemed "not 'properly filed' under § 2244(d), and it could not toll the federal one-year period of limitation.")

Scarver concedes that his 2254 petition was filed beyond the one-year limitation period. *See* Doc. # 8 at 4. However, Scarver asserts that he is entitled to equitable tolling of the federal limitation period because his appellate counsel failed to appeal to the Alabama Supreme Court, and he is actually innocent of the crime of which he was convicted. *Id*. at 6.

Upon review of the pleadings and evidentiary material filed in this case and the law

3

of this Circuit, the court concludes that no evidentiary hearing is required and that Scarver's federal habeas petition is due to be denied for the reasons which follow.

## DISCUSSION

**A. Limitation Period**.  Scarver's federal habeas petition was filed in this court on October 30, 2013, and is precluded from review because Scarver filed this petition outside § 2244(d)(1)'s requisite one-year period of limitation.  28 U.S.C. § 2244(d)(1) directs that the limitation period for filing a § 2254 petition begins to run on the date when the time for seeking direct review of a challenged judgment expires.

As previously noted, by operation of law, Scarver's conviction became final, at the latest, on October 28, 2009 – the date on which the Alabama Court of Criminal Appeals issued the certificate of judgment.  The one-year limitation period contained in section 2244(d)(1)(A) thus began to run on October 29, 2009.[3]  The federal limitation period expired on October 29, 2010, unless the limitation period was tolled due to a pending state post-conviction application for relief.[4]

---

[3] In computing the federal period of limitation, the court "exclude[s] the day of the event that triggers the period[.]" FED.R.CIV.P. 6(a)(1)(A).

[4] 28 U.S.C. § 2244(d)(2) provides that "[t]]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Although Scarver filed a Rule 32 petition on December 2, 2010, this filing occurred after the expiration of the state period of limitation and was, therefore, not "properly filed" for the purpose of statutory tolling under 28 U.S.C. § 2244(d)(2). "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period.  A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster*, 199 F.3d at 1259. *See also Moore*, 321 F.3d at 1381 ("The plain language of the statute provides for tolling '[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending.' 28 U.S.C. § 2244(d)(2). While a 'properly filed' application for post-conviction relief tolls the

**B. Equitable Tolling**.  Scarver argues that he is entitled to equitable tolling because his attorney did not seek certiorari review in the Alabama Supreme Court.  According to Scarver, if his attorney had sought review, he would have had an additional 90 days and his Rule 32 petition filed in December, 2010 would have tolled the time for filing his habeas petition.  (Doc. # 8 at 5-6).  Of course, Scarver's argument is speculative at best because it is impossible to count the days that may have been tolled if a petition for certiorari had been filed.

More importantly, however, the limitation period "may be equitably tolled" only if a petitioner can demonstrate that his late filing was the result of "extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).  *See also, Rich v. Dep't of Corrs. State of Fla*, 317 Fed. Appx. 881, 882 (11th Cir. 2008); *Steed v. Head*, 219 F.3d 1298 (11th Cir. 2000).  Such tolling applies only in truly extraordinary circumstances.  *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002); *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).  "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner."  *Drew*, 297 F.3d at 1286.  *See also San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011); *Rich*, 317 Fed. Appx. at 882; *Helton v. Sec'y for the Dept. of*

---

statute of limitations, it does not reset or restart the statute of limitations once the limitation period has expired.  In order words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."); *Tinker*, 255 F.3d at 1335 n.4 ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period.").  Thus, this state post-conviction petition did not toll the running of the applicable one-year period of limitation.

*Corr.*, 259 F.3d 1310, 1313-1314 (11th Cir. 2001).

Attorney negligence, however gross or egregious, does not qualify as an "extraordinary circumstance" for purposes of equitable tolling; rather, abandonment of the attorney-client relationship, as explained in *Holland v. Florida*, 560 U.S. 631 (2010) and *Maples v. Thomas*, __ U.S. __, 132 S.Ct. 912 (2012) is required. *Cadet v. Florida Dep't of Corr.*, 742 F.3d 473, 481-82 (11th Cir. 2014). Thus, the court must determine whether Scarver "has shown that his attorney ... abandoned him, thereby supplying the 'extraordinary circumstances' " necessary to warrant equitable tolling of the § 2244(d) statute of limitations period. *Id.* Scarver has failed to meet this burden and has presented nothing to the court which demonstrates attorney "abandonment" as defined in *Cadet* which is necessary to show the "extraordinary circumstances" warranting "equitable tolling" of the limitation period.

In response to the respondents' answer, Scarver argues that equitable tolling is warranted because of his lack of legal knowledge as a pro se litigant. The law is well settled that an inmate's lack of legal knowledge, his failure to understand legal principles and/or the inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable tolling of the limitation period. *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004) (*pro se* status and ignorance of the law do not justify equitable tolling); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000) (lack of legal knowledge or legal resources, even in a case involving a *pro se* inmate, does not warrant equitable tolling); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)

(petitioner's *pro se* status and ignorance of the law are insufficient to support equitable tolling of the statute of limitations); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (ignorance of the law and *pro se* status do not constitute "rare and exceptional" circumstances justifying equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 17 (2nd Cir. 2000) (petitioner's *pro se* status throughout majority of limitation period does not merit equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (unfamiliarity with the legal process during the applicable filing period did not merit equitable tolling); *Wakefield v. Railroad Retirement Board*, 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law "is not a factor that can warrant equitable tolling.").

Furthermore, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. It is not enough for Scarver to assert that his counsel failed to appeal the Alabama Supreme Court. He must also demonstrate due diligence on his part to determine the status of his appeal. This he has failed to do. The Alabama Court of Criminal Appeals issued the certificate of judgment on October 28, 2009. Scarver points to no action he took to determine the status of his appeal, and he points to no reason why he did not file his Rule 32 petition earlier which would have tolled his limitation period in this court. Scarver's lack of diligence precludes equitable tolling in this case. *See Pace*, 544 U.S. at 419.

The court concludes that Scarver has failed to demonstrate the existence of

extraordinary circumstances beyond his control that prevented him from filing a timely petition, and he has not met the heavy burden of showing that he exercised reasonable diligence in prosecuting his claim and in bringing forth his habeas petition. Scarver presents nothing which demonstrates that he acted diligently in pursuing his federal claims. Thus, this court "cannot say that [Scarver] has acted with the conscience, good faith, and reasonable diligence necessary to call into action the powers of the court. This conclusion is based on the longstanding, firmly rooted principle that a court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence." *Drew*, 297 F.3d at 1291 n.5 (internal quotations omitted). Consequently, the court concludes that Scarver is not entitled to equitable tolling of the limitation period as he has shown neither extraordinary circumstances nor the diligence necessary to toll the statute. *See Sandvik*, 177 F.3d at 1271. Under the circumstances of this case, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) clearly expired before Scarver filed the instant § 2254 petition.

**C. Actual Innocence.** On December 6, 2013, the court ordered Scarver to show cause why his petition should not be dismissed pursuant to 28 U.S.C. § 2244(d) for his failure to file within the applicable one-year limitation period. (Doc. # 7). In response to the court's order, Scarver argues that he is actually innocent of the charge of which he was convicted. (Doc. # 8 at 6, ¶ 18). Scarver's actual innocence argument is as follows:

> Further, petitioner contends that he is actuall (sic) innocent of his sentence of Life without Parole, because he was sentenced under an unconstitutional statute, specifically Scarve (sic) contends that § 13A-5-9(a)(4) Ala. Code 1975, is unconstitutional as applied to him, because it discriminate

8

> (sic) based on classification of the prior offense. This is true because § 13A-5-9)a)(3) allows for a sentence of life or life without parole, if there is no class A prior felonies.

(*Id*.).

His argument is unavailing because to succeed, Scarver "must first make a sufficient showing of actual innocence." *Scott v. Duffy*, 372 Fed. Appx. 61, 64 (11th Cir. 2010).

> To successfully plead actual innocence, a petitioner must show that his conviction resulted from "a constitutional violation." *Schlup v. Delo,* 513 U.S. 298, 327, 115 S.Ct. 851, 867, 130 L.Ed.2d 808 (1995). To do so, he must demonstrate "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327, 115 S.Ct. at 867; *Arthur* [*v. Allen*], 452 F.3d [1234], []1245 [(11th Cir. 2006)]. The petitioner must raise "sufficient doubt about [his] guilt to undermine confidence in the result of the trial." *Arthur*, 452 F.3d at 1245 (quotations and citation omitted). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 282 (1998).

*Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1334 (11th Cir. 2008).

Actual innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are barred. *Schlup v. Delo*, 513 U.S. 298, 315 (1995). "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable juror would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "[T]he *Schlup* standard is demanding and permits review only in the '"extraordinary"' case." *House v. Bell*, 547 U.S. 518, 538 (2006). "It is important to note in this regard that 'actual innocence'

means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Bousley*, 523 U.S. at 623-624; *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). *Schlup* observes that

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with **new reliable evidence** -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324 (emphasis added).

Scarver fails to make the requisite showing of actual innocence as he has presented no "new reliable evidence" nor do his allegations suggest that any such evidence exists which could satisfy the stringent standard set forth in *Schlup*. He has not submitted any 'new' evidence to support of his claim of innocence. The court concludes that Scarver has failed to demonstrate by credible, new evidence "so significant and reliable that, . . . it "undermine[s] confidence in the result of the trial" such that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Rozzelle v. Sec'y, Fla. Dep't of Corrs.*, 672 F.3d 1000 1017 (11th Cir. 2012).

> [T]enable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup,* 513 U.S., at 329, 115

> S.Ct. 851; see *House,* 547 U.S., at 538, 126 S.Ct. 2064 (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup,* 513 U.S., at 332, 115 S.Ct. 851.

*McQuiggin v. Perkins*, — U.S. —, —, 133 S.Ct. 1924, 1928 (2013). Consequently, the court concludes that Scarver's 'actual innocence' claim fails.

Thus, the court finds that the one-year limitation period of 28 U.S.C. § 2244(d)(1) expired well before Scarver filed his federal habeas petition. Because Scarver did not file in this court until October 30, 2013, his petition is time-barred and this court may not address his claims on the merits. The court further concludes that the petitioner has failed to show sufficient cause to excuse his failure to file within the statutory period.

## CONCLUSION

Accordingly, for the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and that this case be dismissed pursuant to 28 U.S.C. § 2244(d). It is further the RECOMMENDATION of the Magistrate Judge that the costs of this proceeding be taxed against the petitioner. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **March 31, 2014.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 17th day of March, 2014.

                                         /s/Charles S. Coody  
                                         CHARLES S. COODY  
                                         UNITED STATES MAGISTRATE JUDGE